UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN GARCIA,<br><br>            Petitioner,<br><br>   v.<br><br>FRESNO DEPT. OF CORRECTIONS,<br><br>            Respondent. | 1:10-CV-00463 GSA HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>ORDER DIRECTING CLERK OF COURT TO MAIL FORMS TO PETITIONER |

     On March 15, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. He is currently incarcerated at the Fresno County Jail awaiting trial. He has returned his consent/decline form indicating consent to Magistrate Judge jurisdiction.

**DISCUSSION**

     Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574

(9th Cir. 1991), *quoting*, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991);  <u>Preiser</u>, 411 U.S. at 499; <u>Badea</u>, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner claims correctional staff have denied him medical care. He is not challenging a conviction or sentence; rather, he is challenging the conditions of his confinement. Thus, Petitioner is not entitled to habeas corpus relief and this petition must be dismissed.  Should Petitioner wish to pursue his claims, he must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Clerk of Court is DIRECTED to mail Petitioner forms for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.


IT IS SO ORDERED.

Dated:   **March 29, 2010**              /s/ **Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE